# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed October 29, 1909.

RUTTER ET AL.
VS.
LYNCH ET AL.

*E. C. Carrington, Jr.,* and *J. Lieper Winslow* for plaintiffs.

*J. Cookman Boyd, Peter J. Campbell, Emil Budnitz* and *Charles H. Behn* for defendants.

LEHMAYER, J. (Orally)—

I am of the opinion that the conveyances and transfers made by Matthew Lynch of his real, leasehold and personal property, which are sought to be set aside in this proceeding, are valid and should be sustained, save and except the assignment from Matthew Lynch to Mary McCaffrey et al., dated the 23rd day of November, 1905, and recorded among the land records of Baltimore City in Liber R. O. 2322, folio 303, etc.

The property referred to in this last named conveyance is leasehold property, and is known as 1034 Clifton place, and was deeded by Matthew Lynch to his wife on the 16th day of December, 1903, but was never recorded. According to the testimony of Mr. Behn, the attorney who prepared the paper, this deed was executed on the 16th day of December, 1903, and was delivered to Mrs. Bridget Lynch.

While this conveyance was never recorded, I think that under it the title passed to Mrs. Lynch. On the 23rd day of November, 1905, Matthew Lynch undertook to convey this property to Mary McCaffrey, Celia O'Neill and Charles J. Lynch. At that time Matthew Lynch was only entitled to a one-third interest in this house, Bridget Lynch having died intestate on the 16th day of May, 1904, and left surviving her, her husband, Matthew Lynch, four adult children, to wit: Francis T. Lynch, Charles J. Lynch, Mrs. Mary McCaffrey and Mrs. Celia O'Neill, and three grandchildren, to wit: Albert Matthew Rudder, Mrs. Catherine Kraus and Mrs. Annetta P. Foos, they being the children of a deceased daughter of Bridget Lynch and Matthew Lynch.

In my opinion the assignment from Matthew Lynch to Mary McCaffrey et al. can be considered in equity as only conveying an undivided one-third interest in said house. Subsequently, on June 5th, 1907, for good and valuable consideration, Mrs. McCaffrey and her husband and Mrs. O'Neill and her husband, conveyed to Charles J. Lynch their interest in this property by a deed recorded in Liber R. O. 2341, folio 131, etc.

I find that the three grandchildren of Bridget Lynch, who are the complainants in this case, are jointly entitled to a one-fifth, of the two-thirds, interest in the property aforesaid, to wit: Two-fifteenths of said property, being the property described in the assignment from Matthew Lynch to Mary McCaffrey et al., dated 23rd day of November, 1905, and recorded among the Land Records of Baltimore City in Liber R. O. 2322, folio 303, etc.

I also find that Francis T. Lynch, one of the defendants, is entitled to a two-fifteenths interest in said property and that Charles J. Lynch is now entitled to an eleven-fifteenths interest in said property.

The bill of complaint should be dismissed as to all the conveyances, transfers and assignments, save and except as to this specific piece of property known as 1034 Clifton place, and the cost of the proceeding should be paid by Mary McCaffrey, Celia O'Neill and Charles J. Lynch, the original grantees in the assignment from Matthew Lynch of the property 1034 Clifton place, above referred to.

I will sign a decree in accordance with the above views.